# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERNIE HAIRE FORD, INC.,**
        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-288-Orl-28DAB**

**UNIVERSAL UNDERWRITERS
INSURANCE COMPANY,**
        **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO OVERRULE OBJECTIONS AND COMPEL BETTER ANSWERS TO INTERROGATORIES (Doc. No. 62)**
>
> **FILED:** December 6, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. *See* Doc. No. 69.

> **MOTION:** **AMENDED MOTION TO OVERRULE OBJECTIONS AND COMPEL BETTER ANSWERS (Doc. No. 69)**
>
> **FILED:** December 19, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED, in part and DENIED, in part**.

The Amended Motion and the Response (Doc. No. 70) indicate that a true good faith conference was not had prior to filing the motion. Nonetheless, in the interest of finalizing the matter, the Court will address the remaining objections on the merits.

**Interrogatory 8:**

Please state if in the last five years, Universal has been a party, either plaintiff or defendant, in any lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, identity of plaintiff and defense counsel, and the date and court in which such suit was filed.

Defendant objects on relevancy grounds and breadth. The objection is sustained. Although Plaintiff may be correct in that the interrogatory is "standard," that does not mean that relevancy to this particular case is presumed. Here, as noted by Universal, the issue is the adequacy of the defense provided to Plaintiff. There is no showing that a list of *all* suits of any kind or nature has any bearing on the issues in this case. The objection is sustained.

**Interrogatories 9, 10, 11, and 12** all seek Defendant's opinion as to the services and rates provided by counsel Plaintiff chose to hire with respect to the underlying action. Defendant asserted relevancy objections, but answered the Interrogatories, in large measure. The Court has reviewed same and finds no grounds to compel "better" answers.

**Interrogatory 15** asks if Universal has ever been sued in a class action and, if so, seeks identification of "all attorneys whom Universal selected" to defend it in such an action. Defendant objected based on relevancy and breadth. Plaintiff contends that the objection should be overruled because: "Defendant chooses defense attorneys and provides a defense for persons and entities who have been sued in a class action. Plaintiff is entitled to know Defendant's own history with regard to class action lawsuits." (Doc. No. 69 at 11). While a more narrowly tailored interrogatory directed

to *similar* class action suits might conceivably be relevant, there is no showing that the parties here are similarly situated as to make any comparison relevant. The Court fails to see the connection between the adequacy of the defense provided to Plaintiff in the underlying suit and the particulars regarding any and all class action suits Defendant may have defended at any point in time on any issue whatsoever on its own behalf. As framed, the objection is sustained.

> **Interrogatory No. 16** states:
>
> When selecting an attorney to defend an insured in a class action, is it important to select an attorney with experience in defending class actions? If so, what type of experience would Universal consider important?
>
> Defendant's Answer provides:
>
> To the extent UUIC understand this interrogatory, UUIC responds that, in general, it considers the claims asserted and the attorney's experience defending against the same or similar claims. Mr. Kapusta had experience defending class actions dealing with the same types of claims as those asserted against Crown in the underlying Veal Class Action.

Plaintiff seeks a better answer, contending that "Defendant's response does not reveal whether Defendant considers it 'important to select an attorney with experience in defending class actions.'" The Court directs Plaintiff's attention to the Answer quoted above, which the Court finds adequate. Similarly, the Court finds that Defendant adequately answered Interrogatory 17:

> **Interrogatory No. 17**
>
> Set forth all reasons why, at the time he was selected, Universal believed Mark Kapusta, Esquire was qualified to defend Crown in the Underlying Class Action.

Defendant's Answer:

> UUIC objects to this interrogatory on the grounds that it is not designed to lead to the discovery of relevant information in light of Crown's admission that Mr. Kapusta "performed admirably in defending Crown" (Second Amended

>Complaint, ¶ 7). Subject to and without waiving the foregoing objection, UUIC states that, at the time UUIC retained Mr. Kapusta to defend Crown in the purported class action, Mr. Kapusta had experience in similar class actions defending the types of claims asserted against Crown in the Veal Class Action. See, e.g., Mantzouris v. Scarrett Motor Group, 8:03-cv-00015JSM-MSS (M.D. Fla.). Mr. Kapusta also had extensive knowledge of and experience with claims against auto dealerships. Mr. James Myers of Crown discussed Mr. Kapusta's qualifications with him on January 28, 2004.

Any objection that the Answer is incomplete is not well taken. No grounds to compel a better answer exist.

The Answer provided to **Interrogatory 19** is also adequate. Plaintiff seeks the first time Defendant authorized Mark Kapusta to offer policy limits to the plaintiffs in the underlying class action. Defendant answered "Mr. Kapusta and Crown were aware at least by or about June 12, 2004 that the entire policy limits of $500,000 were available for settlement." Plaintiff objects that the answer does not fairly meet the question. To the extent any ambiguity exists, Defendant has clarified it in its response to the motion (Doc. No. 70 at 11: "It must be clear that, at the point Mr. Kapusta was aware of the availability of the policy limits, he was authorized to offer the policy limits.")

Conversely, the Answer provided to **Interrogatory 20** is inadequate. The Interrogatory states:

>Does Universal have any criteria, standards, or procedures utilized by Universal to determine whether counsel assigned to defend insureds is qualified to handle the proposed representation? If so, identify the criteria, standards, or procedures utilized by Universal.

Defendant's Answer:

>UUIC objects to this interrogatory on the grounds that it is not designed to lead to the discovery of relevant information as an attorney's qualifications to become a member of UUIC/Zurich's panel counsel has no bearing on whether Mr. Kapusta and the Law Office of Bohdan Neswiacheny adequately defended Crown in the underlying Class Action.
>Subject to and without waiving any the foregoing objections, and to the extent UUIC understands this interrogatory, UUIC states that there are such criteria. As

>stated on the web site, UUIC/Zurich "carefully select our staff and panel counsel based upon their experience in the legal areas in which they practice, trial experience, reputation in the legal community and commitment to provide our customers with quality service."

The Court agrees with Plaintiff that the criteria for selecting attorneys to defend insureds is "absolutely relevant" here. Defendant is **ordered** to supplement its answer to this Interrogatory within 11 days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on January 7, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record