**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ERNIE HAIRE FORD, INC.,**
                  **Plaintiff,**

**-vs-**                                                         **Case No. 6:07-cv-288-Orl-28DAB**

**UNIVERSAL UNDERWRITERS
INSURANCE COMPANY,**
                  **Defendant.**
_____

**CROWN AUTO DEALERSHIPS, INC.,**
                    **Plaintiff**

**-vs-**

**UNIVERSAL UNDERWRITERS
INSURANCE COMPANY,**
                    **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFFS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 150)**
>
> **FILED:**     **June 23, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

The procedural history of this case is fairly complex. As summarized by the District Court in earlier Orders, two automobile dealers – Plaintiffs Ernie Haire Ford, Inc. ("Ernie Haire") and Crown Auto Dealerships, Inc. ("Crown") – brought the instant lawsuits against their liability insurer, Defendant Universal Underwriters Insurance Company ("Universal"). Each Plaintiff filed a declaratory judgment action regarding the amount of coverage available in connection with class action lawsuits that were filed against them in other courts, and the cases were consolidated. This Court granted in part and denied in part Plaintiffs' motion for summary judgment as to Count I of both Complaints, regarding the amount of coverage available, as follows:

> To the extent the motion seeks a declaration that each Plaintiff is not limited to a single $500,000 limit under only one of the policies in effect during its class Period, the motion is GRANTED. To the extent the motion seeks a declaration that each Plaintiff is entitled to an annual aggregate limit of $500,000 per year for each of the years of the class period, the motion is DENIED.

(Doc. No. 95).

The parties stipulated to dismissal of Count II of each Complaint, which sought coverage under a different coverage part. The District Court granted Universal's motion for summary judgment as to Count III of Crown's Second Amended Complaint (Doc. No. 39), which alleged breach of a duty to defend (Doc. No. 118). The District Court entered final judgment consistent with the above (Doc. No. 120), and all parties appealed.

Following entry of judgment, Plaintiffs moved for attorney's fees and costs under Florida Statute § 627.428(1), which provides for a reasonable award of attorney's fees "upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any . . . insured . . ." (Doc. No. 123). This Court denied the motion, without prejudice, pending determination of the appeal (Doc. No. 137). The Eleventh Circuit issued an opinion affirming in part, denying in

part and vacating and remanding in part (Doc. No. 149). In essence, the appellate court affirmed the grant of summary judgment in Plaintiffs' favor and vacated the summary judgment in Universal's favor; thus reinstating Crown's count for breach of duty to defend, and remanding for further proceedings.

After the mandate was issued, Plaintiffs filed the instant renewed motion. Crown also filed a motion to amend the complaint in view of the opinion, to include three proposed counts:

> Count I — Declaratory Judgment Action. Since this court's ruling – and the 11th Circuit's affirmation – that multiple policies were available to pay damages in the Underlying Class Action, a dispute has arisen between the parties over how much is due and owing under each of the separate policies.
>
> Count II — Bad Faith Failure to Settle.
>
> Count III — Breach of Contract for breach of the duty to defend/settle – which was reinstated by the 11th Circuit.

(Doc. No. 155).

Prior to the filing of any response by Universal to the motion to amend the complaint, Crown filed a Notice of Withdrawal of the motion, noting that "it will instead re-file a motion to amend which attaches a copy of the proposed amended complaint" in order to "afford Defendant . .. a better opportunity to either consent to or object to the motion, as well as clarify the scope of the proposed amendment for the Court." (Doc. No. 157). To date, no amended motion has been filed.

The instant motion simply reasserts the prior motion (Doc. No. 123), brought by both Plaintiffs jointly, which sought over $200,000 in attorney's fees and costs, plus 11% interest. The motion includes a request for an evidentiary hearing, although an Affidavit and redacted billing records, including several pages redacted in their entirety (Doc. No. 123-2 at 5-7), were filed with the motion.[1] In response (Doc. No. 151), Universal contends that 1) the issue is premature as to Crown as there is

---

[1] Filing the electronic equivalent of sheets of blank paper is of no use to the Court.

no judgment in Crown's favor; 2) Universal does not contest entitlement to fees and costs as to Ernie Hare, but disputes the amount of the claimed fees and seeks discovery and an evidentiary hearing; and 3) in order to avoid a double recovery and unnecessary judicial labor, the matter should be stayed pending the final outcome of the Crown litigation. The Court agrees, in part, with Universal.

Universal is incorrect in its assertion that there is no judgment in Crown's favor. *Both* Plaintiffs moved for summary judgment as to the coverage available (Doc. No. 29), the District Court granted that motion, in part (Doc. No. 95),[2] and on May 16, 2008 entered an Amended Judgment which provided, in pertinent part: "IT IS FURTHER ORDERED AND ADJUDGED that on Count I of Plaintiff, Ernie Haire Ford, Inc.'s Amended Complaint and Count I of Plaintiff, Crown Auto Dealerships, Inc.'s Second Amended Complaint, the rights of the parties are set forth in the Court's March 28, 2008 Order, and declaratory judgment is hereby entered in accordance with that Order" (Doc. No. 120). The appellate court affirmed the District Court's grant of Plaintiffs' motion for summary judgment as to Count I (Doc. No. 146-2 at 12, 16). While it is true that *final* judgment on all Crown claims has not been rendered inasmuch as the appellate court reinstated the duty to defend count and Crown has indicated a desire to add additional counts via an as yet unfiled amended complaint, it is disingenuous to maintain that Ernie Haire is entitled to fees based on the affirmance of the joint summary judgment motion, but Crown is not. That said, the Court agrees with Universal that the pendency of additional proceedings compels postponement of the award of fees to Plaintiffs.

As is clear, Crown desires to go forward with the remaining count and possibly other counts, as well. Should Crown prevail, it will no doubt seek an award of attorney's fee for the time expended

---

[2] As set forth above, the Court held: "To the extent the motion seeks a declaration that *each* Plaintiff is not limited to a single $500,000 limit under only one of the policies in effect during its class Period, the motion is GRANTED. To the extent the motion seeks a declaration that each Plaintiff is entitled to an annual aggregate limit of $500,000 per year for each of the years of the class period, the motion is DENIED." (Doc. No. 95 at 21-22) (emphasis added).

-4-

in the additional proceedings. The Court sees no need to engage in two proceedings on the issue of fees due Crown. With respect to Crown, then, an adjudication of fees should await the conclusion of its claims. When that times comes, the parties should not be so quick to assume that an evidentiary hearing is necessary[3]

As for Ernie Haire's claim, the Court finds that it cannot be adjudicated separately on this record. As the motion for fees shows, the actions were consolidated and the same counsel prosecuted both, often via joint motions and filings. Indeed, the motion itself treats the declaratory action as essentially one action:

> Plaintiffs were represented by attorneys Mark A. Nation and George C. Carr of The Nation Law Firm in the declaratory judgment action. Mr. Nation expended 167.45 hours prosecuting this matter, while Mr. Carr expended 42.85 hours prosecuting this matter. These hours were reasonably expended in the prosecution of the declaratory judgment actions. Time for prosecution of Crown's separate claim for breach of the duty to defend have been excluded.

(Doc. No. 123 at 7-8). It is not clear how counsel attributed hours expended on joint filings. Counsel is, of course, not entitled to recover twice for the same task and the nature of the consolidated case is such that some overlap necessarily occurred. Therefore, the Court finds that it will be necessary to determine what counsel spent on *each* Plaintiff's case, before the Court can determine *either* Plaintiff's award. As that task cannot be accomplished until all the work is done and all records reflecting all recoverable time are before the Court, it is **respectfully recommended** that the motion be **denied, without prejudice** to consideration at the conclusion of the case.

---

[3] The United States Supreme Court, however, expects that a request for attorney's fees will not result in a second major litigation, and that ideally the litigants will settle the amount of the fee. *Hensley v. Eckerhart*, 461 U.S. 434, 437 (1983); *Thompson v. Pharmacy Corp. of America, Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (Lawyers should not be compensated for turning the litigation about attorney's fees into a "second major litigation."). Justices Brennan, Marshall, Blackmun, and Stevens characterized post-judgment litigation over attorneys fees and related appeals as "one of the least socially productive types of litigation imaginable." *Id.* at 442, 103 S.Ct. 1933 (concurring in part and dissenting in part); *Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F.Supp.2d 1272, 1286 (M.D. Fla. 2005).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 14, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy